UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IZZAT NAZER,

    Plaintiff,

v.                                                                       Case No: 8:15-cv-2465-T-27JSS

FEDERAL BUREAU OF
INVESTIGATION and UNITED STATES
DEPARTMENT OF HOMELAND
SECURITY,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*. (Dkt. 9.) Plaintiff, pro se, has filed a civil rights complaint for damages and other relief against Defendants, the Federal Bureau of Investigation ("FBI") and the U.S. Department of Homeland Security ("DHS").

**APPLICABLE STANDARDS**

Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). However, when an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Davis v. Markley*, 601 F. App'x 799, 801 (11th Cir. 2015).

A court's decision to grant *in forma pauperis* status is discretionary. *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (per curiam). When considering a motion filed under Section

1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotation and citation omitted). An affidavit "will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."[1] *Id.* As such, a court may not deny an *in forma pauperis* motion "without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014); *see also Miller v. U.S. Postal Serv.*, No. 8:13-CIV-952-T-17-AEP, 2013 WL 2250211, at *1 (M.D. Fla. May 22, 2013) (noting that the court will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess).

Dismissal under Section 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Dismissal for failure to state a claim is appropriate if the facts as pleaded fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim is facially plausible when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

In reviewing the complaint, courts hold pro se pleadings to a less stringent standard and therefore construe the complaint more liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Notwithstanding this less stringent standard, liberal construction cannot serve as a substitute to establishing a cause of action. *See GJR Invs., Inc. v.*

---

[1] A court "is not limited by the party's application for leave to proceed *in forma pauperis*, and . . . may 'look beyond the . . . application . . . to determine his financial condition.'" *Martinez*, 364 F.3d at 1307 n.3 (quoting *Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 917 (11th Cir. 1982)).

*Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (stating that while courts should show leniency to pro se litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action"). In the same vein, the Eleventh Circuit requires pro se litigants to "conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

## ANALYSIS

### A. Plaintiff's *in Forma Pauperis* Status

Plaintiff's Affidavit of Indigency is not sufficient to establish his financial eligibility to proceed *in forma pauperis*. Plaintiff states that he has been unemployed since October 23, 2015. Before being unemployed, Plaintiff worked as a contract processor for two months, earning an income of $300 per week. Plaintiff is single and has no dependents. He does not own a home or an automobile and has $2,200 of total cash in his bank account. His monthly obligations include $800 in monthly rent on his home or apartment, and his other obligations include a total of $6,300 in student loans owed to the U.S. Department of Education. Plaintiff receives $180 per month in welfare aid. Plaintiff also states that, during the last twelve months, he received $5,000 as a gift from his mother. (Dkt. 9.) In light of the foregoing, Plaintiff appears to have sufficient assets to pay the required filing fee and also provide necessities for himself. Accordingly, his Motion for Leave to Proceed *in Forma Pauperis* (Dkt. 9) should be denied.

### B. Plaintiff's Complaint

Plaintiff alleges that he has been a target of organized harassment and bullying by Defendants. Specifically, Plaintiff alleges that Defendants unlawfully monitored and intercepted his electronic communications, orchestrated a slander campaign against him, psychologically tortured him through a gang-stalking program, injected him with controlled substances prior to

being interrogated, falsely included him on a watch list, and racially discriminated against him. (Dkt. 1.) Plaintiff's Complaint includes the following claims: stalking, slander, deprivation of civil rights, interception of electronic communications, harassment, psychological torture, torture, discrimination, false arrest, and obstruction of justice. (Dkt. 1.) However, Plaintiff's Complaint fails to state a claim upon which relief may be granted and fails to comply with the Federal Rules of Civil Procedure.

### 1. Failure to State a Claim

Plaintiff's Complaint, liberally construed, alleges misconduct by four agents from the FBI and DHS. (Dkt. 1.) Although the Complaint does not provide the precise nature of the claims being asserted, to the extent that Plaintiff is attempting to raise constitutional claims against federal officials of the FBI and DHS, such an action may be construed as an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). A *Bivens* action provides a remedy for the deprivation of a constitutional right by federal officers acting under color of federal law. *Wilson v. Blankenship*, 163 F. 3d 1284, 1288 (11th Cir. 1998). However, *Bivens* applies only to federal officials, not federal agencies. *FDIC v. Meyer*, 510 U.S. 471, 484–85 (1994). Further, a *Bivens* action can only be brought against federal officers in their individual capacities, not federal officers acting in their official capacities. *Thibeaux v. U.S. Atty. Gen.*, 275 F. App'x 889, 892 (11th Cir. 2008). Here, Plaintiff is suing the FBI and DHS, which are agencies of the United States, for violations of his civil rights. Plaintiff's claims are not cognizable under *Bivens*, as Plaintiff sues only federal agencies—the FBI and DHS—and has failed to identify any individual officials employed by such agencies. Nonetheless, to the extent that Plaintiff seeks monetary damages from any FBI or DHS employee, in his or her official capacity, such a claim is not cognizable. *See id.* at 893 (finding that plaintiff had no cause of action under *Bivens* because

plaintiff alleged that defendants failed to fulfill their official duties to investigate plaintiff's allegations, thereby suing them in their official capacities, and *Bivens* actions are only allowed against federal officers in their individual capacities). Therefore, Plaintiff's *Bivens* claims should be dismissed.

To the extent that Plaintiff seeks to allege a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., such claims are not cognizable. The FTCA provides a limited waiver of the United States' sovereign immunity for certain negligent or wrongful conduct of federal employees acting within the scope of their employment. 28 U.S.C. § 2679(b)(1); *Dalrymple v. United States*, 460 F. 3d 1318, 1324 (11th Cir. 2006). However, such claims are only permitted against the United States, not federal agencies. *Meyer*, 510 U.S. at 471. Further, constitutional claims are not cognizable under the FTCA, and the FTCA contains specific exceptions retaining sovereign immunity for any claim arising out of false arrest, malicious prosecution, abuse of process, and slander.[2] 28 U.S.C. § 2680(h); *Metz v. United States*, 788 F.2d 1528, 1531–32 (11th Cir. 1986). Here, the United States is not a named defendant in this case. And, even Plaintiff amended his Complaint to include the United States as a defendant, Plaintiff's claims for false arrest, slander, and other intentional torts would be barred under the FTCA.[3]

In addition to monetary damages in the amount of $55 million, Plaintiff's Complaint seeks injunctive relief "to order the illegal acts to stop . . . and prevent similar misconduct in the future." (Dkt. 1.) However, Plaintiff fails to state a claim for injunctive relief. Even assuming that Plaintiff

---

[2] This intentional torts exception in Section 2680(h) is "not limited to the torts specifically named therein, but rather encompasses situations where the underlying governmental conduct which constitutes an excepted cause of action is essential to the plaintiff's claim." *O'Ferrell v. United States*, 253 F.3d 1257, 1266 (11th Cir. 2001) (internal quotation and citation omitted).

[3] The FTCA bars claimants from bringing suit until they have exhausted their administrative remedies. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993). Here, Plaintiff has not alleged that he has presented either the FBI or DHS with an administrative complaint as required under the FTCA. Therefore, Plaintiff's claims under the FTCA would be barred for failure to exhaust administrative remedies.

has properly alleged a violation of his federal rights, injunctive relief is not available for past conduct or for a merely conjectural threat of future injury. *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1302–03 (11th Cir. 2007). Plaintiff's allegations are purely speculative and fail to allege that further injury is likely to occur. *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1283 (11th Cir. 2001) (stating that "to have standing to obtain forward-looking relief, a plaintiff must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future").

### 2. Procedural Deficiencies

Plaintiff's Complaint fails to comply with the procedural requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard of Rule 8 does not require "detailed factual allegations," but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Here, Plaintiff's Complaint provides no factual content or context from which the Court may reasonably infer that Defendants violated his rights, provides no dates on which the alleged conduct occurred, and fails to identify which claims and facts apply to each particular Defendant. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (stating that a complaint's factual allegations must be enough to raise a right to relief above the speculative level) (quotation marks and alterations omitted); *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (stating that a shotgun pleading in which it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" does not comply with the

federal rules). Accordingly, it is

**RECOMMENDED**:

1. Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Dkt. 9) be **DENIED**.

2. Plaintiff's Complaint (Dkt. 1) be **DENIED** without prejudice, with leave to file an amended complaint.

3. Plaintiff's failure to timely file an amended complaint may result in dismissal of this matter. *See* M.D. Fla. Local R. 3.10(a).

4. Plaintiff's Motion to Appoint Counsel (Dkt. 10) be **DENIED**. The Court, by previous Order, has already found that Plaintiff has failed to show exceptional circumstances that warrant the appointment of counsel (Dkt. 8), and Plaintiff's renewed motion fails to meet this burden.

**IT IS SO REPORTED** in Tampa, Florida on November 17, 2015.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Copies furnished to:
The Honorable James D. Whittemore
Counsel of Record
Unrepresented Party