UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IZZAT NAZER,

    Plaintiff,

v.                                                        Case No: 8:15-cv-2465-T-27JSS

UNITED STATES OF AMERICA,
OFFICE OF THE DIRECTOR OF
NATIONAL INTELLIGENCE,
CENTRAL INTELLIGENCE AGENCY,
FEDERAL BUREAU OF
INVESTIGATION, and UNITED STATES
DEPARTMENT OF HOMELAND
SECURITY,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Dkt. 9), Plaintiff's Motion to Appoint Counsel (Dkt. 10), and a Report and Recommendation recommending that the motions be denied (Dkt. 13). Plaintiff, proceeding *pro se*, filed objections to the Report and Recommendation (Dkt. 14).[1]

Upon consideration, Plaintiff's objections are **OVERRULED** and the Report and Recommendation is **ADOPTED** as the opinion of the Court. Plaintiff's Amended Complaint is **DISMISSED** *without prejudice*.

### INTRODUCTION

Plaintiff Izzat Nazer alleges that Defendants engaged in "a well-organized campaign" against him, including framing him for a bomb threat and other crimes, implanting an electronic surveillance

---

[1] Plaintiff's objections are not signed, as required by Rule 11(a), Fed. R. Civ. P. Plaintiff must sign all pleadings, motions, and other documents submitted to the Court. *See id.* Failure to do so will result in the striking of such documents.

1

device in his body, beating him, and "gang-stalking" him. (Dkt. 15 ¶ 4, 32, 34-35, 41, 48, 72). He sought to proceed *in forma pauperis* and moved for the appointment of counsel. (Dkts. 9, 10). Magistrate Judge Julie S. Sneed recommended that his complaint be dismissed and his motions to proceed *in forma pauperis* and for appointment of counsel be denied. (Dkt. 13). Plaintiff timely objected to the report and recommendation and filed a fifteen count amended complaint. (Dkts. 14, 15).

## STANDARD

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Objections must "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see Leatherwood v. Anna's Linens Co.*, 384 Fed. App'x 853, 857 (11th Cir. 2010). In the absence of specific objections, there is no requirement that findings be reviewed *de novo. Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Nevertheless, the district court reviews the report and recommendation for "clear error" even in the absence of objections. *Macort v. Prem, Inc.*, 208 Fed. App'x 781, 784 (11th Cir. 2006). Even if no objections to the findings or recommendations have been filed, the district court may "undertake 'further review . . . , *sua sponte* or at the request of a party, under a de novo or any other standard." *Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006) (quoting *Thomas v. Arn*, 474 U.S. 140, 154 (1985)).

## DISCUSSION

### *Motion to Appoint Counsel*

"[E]xceptional circumstances" are required for the appointment of counsel in a civil case. *See Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). Because Nazer cannot show the existence of

2

such circumstances, this objection is overruled.

### *Motion to Proceed* in Forma Pauperis

Nazer does not challenge the Magistrate Judge's finding about his resources, but provides new, unsworn factual contentions about declining funds in his bank account and theft from his bank account. (Dkt. 14 ¶ 4). These arguments do not demonstrate that the Magistrate Judge erred in recommending denial of his motion to proceed *in forma pauperis*. However, the motion to proceed *in forma pauperis* will be denied without prejudice, and Nazer will have the opportunity to demonstrate changed financial circumstances.

### *Amended Complaint*

The Magistrate Judge correctly recommended dismissal of the original complaint for failure to state a claim. Nazer filed an Amended Complaint on the same day that he filed his objections to the Report and Recommendation. (*See* Dkt. 15). The Amended Complaint also fails to state claims upon which relief can be granted.[2]

Counts 1, 2, and 12 of the Amended Complaint allege a "Conspiracy Against Rights," "Deprivation of rights under the color of law," and "Abuse of Due Process" by Defendants. These claims, liberally construed as constitutional claims, fail for the same reasons that Nazer's previous claims failed. To the extent Nazer attempts to bring a *Bivens* action,[3] such claims are not cognizable against federal agencies or individuals sued in their official capacities. *See FDIC v. Meyer*, 510 U.S. 471, 484-85 (1994); *McCollum v. Bolger*, 794 F.2d 602, 608 (11th Cir. 1986); *Thibeaux v. U.S. Atty. Gen.*, 275 Fed. App'x 889, 892 (11th Cir. 2008).[4]

---

[2] Because Nazer seeks to proceed *in forma pauperis*, the Court must review the complaint and dismiss it *sua sponte* if it fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e).

[3] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[4] To the extent Nazer seeks to assert his constitutional claims (Counts 1, 2, and 12) as FTCA claims, they have not been administratively exhausted. *See infra*.

Counts 3, 6, 7, 8, 10, 11, 14, and 15 are state law tort claims against Defendants.[5] Tort claims may be brought against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2670 *et seq.*, but the FTCA contains several exceptions that preclude all of Nazer's claims as currently pled. Counts 11 and 15 are plainly barred by 28 U.S.C. § 2680, which bars "[a]ny claim arising out of . . . libel, slander, misrepresentation, deceit, or interference with contract rights." The remaining tort claims are barred because Nazer has not alleged that he has exhausted his administrative remedies. Courts have no jurisdiction to consider FTCA claims "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." *O'Brien v. United States*, 137 Fed. App'x 295, 301 (11th Cir. 2005) (quoting 28 U.S.C. § 2675(a)). These claims will be dismissed.

Count 4 seeks damages for interception of electronic communications in violation of the Federal Wiretap Act. However, the Act expressly precludes damages against the United States. 18 U.S.C. § 2520(a); *Richard Lawson Excavating, Inc., v. N.L.R.B.*, 333 F. Supp. 2d 358, 360 (W.D. Pa. 2004). This claim will therefore be dismissed.

Count 5 is a claim for "stalking" based on 18 U.S.C. §§ 2261, 2264, which are federal criminal statutes. Because only the United States may prosecute federal crimes, this claim is dismissed. *See U.S. v. Claflin*, 97 U.S. 546 (1878); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another.").

Count 9 alleges that Plaintiff was falsely placed on a government watch list. Liberally

---

[5] Count 3 is "Psychological and Physical Torture," Count 6 is "Intentional Infliction of Emotional Distress," Count 7 is "Invasion of Privacy," Count 8 is "Unwarranted Exploitation of Plaintiff's Personality," Count 10 is "Intentional Interference with Prospective Business/Economic Advantage," Count 11 is "Negligence to Prevent," Count 14 is "False Arrest," and Count 15 is "Defamation."

4

construing this claim as a challenge to being placed on the "no fly list" or other airport security watch list, Plaintiff has failed to exhaust his administrative remedies, and this claim must accordingly be dismissed. *See* 49 U.S.C. § 44926 (establishing appeals and redress procedure within the Department of Homeland Security "for passengers wrongly delayed or prohibited from boarding a flight"); *Corbett v. United States*, 458 Fed. App'x 866, 870-71 (11th Cir. 2012).

Count 13 alleges that "Defendants conducted behavioral human subject research on Plaintiff," in violation of Executive Order 12333 § 2.10.[6] While the Executive Order prohibits intelligence agencies from conducting research on human subjects that does not comply with guidelines issued by the Department of Health and Human Services, there is no private right of action expressly created or implied by the Executive Order. This claim is therefore dismissed.

### CONCLUSION

1. Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Dkt. 9) is **DENIED** *without prejudice*.

2. Plaintiff's Motion to Appoint Counsel (Dkt. 10) is **DENIED.**

3. The Report and Recommendation (Dkt. 12) is **ADOPTED** as the opinion of the Court.

4. Plaintiff's objections to the Report and Recommendations (Dkt. 14) are **OVERRULED.**

5. Plaintiff's Amended Complaint is **DISMISSED** *without prejudice.*

6. Plaintiff is granted 21 days to amend his complaint. Failure to a state a claim upon which relief can be granted in a Second Amended Complaint may result in dismissal of this action without further notice.

---

[6] To the extent this is a tort claim, it is barred, as the other FTCA claims are, for failure to administrative remedies.

7. Plaintiff must renew his motion to proceed *in forma pauperis* or pay the filing fee within 7 days of filing a Second Amended Complaint. **<u>Failure to do so will result in dismissal of this action without further notice</u>**.

**DONE AND ORDERED** this ___16th___ day of February, 2016.

_____
**JAMES D. WHITTEMORE**
**United States District Judge**

Copy to: unrepresented party