UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IZZAT NAZER,

    Plaintiff,

v.                                                            Case No: 8:15-cv-2465-T-27JSS

FEDERAL BUREAU OF
INVESTIGATION, UNITED STATES
DEPARTMENT OF HOMELAND
SECURITY, UNITED STATES OF
AMERICA, OFFICE OF THE DIRECTOR
OF NATIONAL INTELLIGENCE and
CENTRAL INTELLIGENCE AGENCY,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR ENTRY OF CLERK'S DEFAULT

THIS MATTER is before the Court on Plaintiff's Motion for Entry of Clerk's Default. (Dkt. 38.) Plaintiff, Izzat Nazer, moves for entry of clerk's default under Federal Rule of Civil Procedure 55(a) for Defendants' failure to plead or otherwise defend against this action. Upon consideration, Plaintiff's Motion for Entry of Clerk's Default is denied, as it appears that Plaintiff failed to properly serve Defendants.

In this case, Plaintiff sues the United States of America, the Federal Bureau of Investigation, the Central Intelligence Agency, the United States Department of Homeland Security, and the Office of the Director of National Intelligence. (Dkt. 17.) To serve a United States agency, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency. Fed. R. Civ. P. 4(i)(2). In order to effect service upon the United States, a plaintiff must deliver a copy of the summons and complaint to the United States Attorney for the district in which the action is brought, or must send copies of

each by registered or certified mail addressed to the civil-process clerk at the United States attorney's office, and must send a copy of the summons and complaint to the Attorney General of the United States by registered or certified mail.  Fed. R. Civ. P. 4(i)(1).

The returns of service filed on the docket in this case are insufficient for several reasons. Specifically, Plaintiff failed to include a street address for certain Defendants, providing only a city, state, and zip code.  Additionally, Plaintiff failed to properly address each Defendant, providing either incorrect or incomplete identification of the agency to be served.  For example, the return of service filed for the Department of Homeland Security states that service was made to "Jeh Johnson, Secretary of Homeland Security" instead of "Office of the General Counsel, United States Department of Homeland Security, Washington, D.C. 20258."  6 C.F.R. § 5.42(a). Similarly, the return of service states that service was made to "CIA, Office of Public Affairs, Washington, D.C. 20511" instead of "Litigation Division, Office of General Counsel, Central Intelligence Agency, Washington, D.C. 20505."  32 C.F.R. § 1904.3(a)(2).  Service on the Office of the Director of National Intelligence and the Federal Bureau of Investigation is likewise deficient.  (Dkts. 31, 34.)

Most notably, however, the return of service as to the United States includes both the U.S. Attorney's Office and the Attorney General in a single form addressed to the U.S. Department of Justice—the proper address for the Attorney General of the United States, but not the U.S. Attorney for the Middle District of Florida.[1]  (Dkt. 33.)  As such, although the return of service indicates that service was effected by certified mail, it is unclear which Defendant was served.  Nevertheless, Rule 4(i) requires that the U.S. Attorney for the Middle District of Florida be served personally, allowing service by certified mail only to "the civil-process clerk at the United States attorney's

---

[1] In the return of service, the address for the U.S. Attorney for the Middle District of Florida is listed in the portion of the form for "Special Instructions," such as an alternate address, instead of in a separate form.  (Dkt. 33.)

office." Fed. R. Civ. P. 4(i)(1)(A).  Therefore, without proper service of the summons and the complaint, the entry of clerk's default is not warranted.  *See Kelly v. Florida*, 233 F. App'x 883, 885 (11th Cir. 2007).

Accordingly, it **ORDERED** that Plaintiff's Motion for Entry of Clerk's Default (Dkt. 38) is **DENIED** without prejudice.  Plaintiff shall have twenty (20) days from the date of this Order to serve Defendants in this case.  The failure to properly effect service may result in dismissal of this action.

**DONE** and **ORDERED** in Tampa, Florida, on November 21, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party