UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IZZAT NAZER,

**Plaintiff,**

v.                                                        Case No: 8:15-cv-2465-T-27JSS

FEDERAL BUREAU OF
INVESTIGATION, et al.,

**Defendants.**
_____/

## ORDER

**BEFORE THE COURT** is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. (Dkt. 55). Plaintiff responded in opposition. (Dkt. 56). Upon consideration, Defendant's motion is **GRANTED**. Plaintiff's Second Amended Complaint is **DISMISSED** *with prejudice.*

Plaintiff filed his Second Amended Complaint (Dkt. 17) after an order was entered dismissing his Amended Complaint (Dkt. 16). However, in his Second Amended Complaint, Plaintiff merely "restates the claims and allegations brought in the amended complaint," and then reasserts thirteen of the same fifteen counts that he asserted in his Amended Complaint (abandoning Counts 5 and 13).[1] One substantive difference between his Amended Complaint and the Second Amended Complaint is that Plaintiff identifies the specific Defendants he is bringing claims against in each count. *Compare* (Dkt. 16) *with* (Dkt. 17).[2]

---

[1] Defendants' motion to dismiss (Dkt. 55) and Plaintiff's response (Dkt. 56) both address whether Plaintiff can effectively incorporate and restate allegations of a dismissed complaint in a subsequent amended complaint. This need not be resolved because Plaintiff's restated allegations fail to state cognizable legal claims, even if he is able to simply reassert allegations from a dismissed complaint.

[2] The Second Amended Complaint also purports to include a "Motion to Proceed in Forma Pauperis" and a "Motion to Appoint Counsel." (*See* Dkt. 17 at p. 4). Plaintiff subsequently filed the motions separately. (*See* Motion to Proceed in Forma Pauperis, Dkt. 20; Motion to Appoint Counsel, Dkt. 21). The motion to proceed *in forma pauperis* was granted, (Dkt. 27), and the motion to appoint counsel was denied, (Dkt. 23).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Second Amended Complaint contains no new factual allegations, but rather argues why the previously asserted allegations were sufficient to show Plaintiff's entitlement to relief. Accordingly, the Second Amended Complaint is due to be dismissed for failure to state a claim for the same reasons discussed in the order dismissing the Amended Complaint. (*See* Dkt. 16).[3]

Plaintiff, proceeding *pro se*, has had three opportunities to bring a legally sufficient complaint against Defendants, including two opportunities after being put on notice of the deficiencies in his pleading.[4] While a *pro se* complaint is construed liberally, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

---

[3] Specifically, Counts 1, 2, and 12 for "conspiracy against rights," "deprivation of rights" and "abuse of due process" fail to state claims because they are not cognizable against federal agencies or individuals sued in their official capacities, *see FDIC v. Meyer*, 510 U.S. 471, 484-85 (1994); *McCollum v. Bolger*, 794 F.2d 602, 608 (11th Cir. 1986); *Thibeaux v. U.S. Atty. Gen.*, 275 F. App'x 889, 892 (11th Cir. 2008) (per curiam), and because Plaintiff has not alleged that he exhausted all administrative remedies to the extent he brings those claims under the Federal Tort Claims Act, *see O'Brien v. United States*, 137 F. App'x 295, 301 (11th Cir. 2005) (per curiam) (citing 28 U.S.C. § 2675(a)).

The various state law tort claims brought under the FTCA in Counts 3, 6, 7, 8, 10, 11, 14, and 15 fail to state claims because they are subject to FTCA exceptions, including exceptions barring claims arising out of "assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights," *see* 28 U.S.C. § 2680, and because Plaintiff has not made well-pleaded allegations that he exhausted all administrative remedies, *see O'Brien*, 137 F. App'x at 301.

Count 4 fails to state a claim because the Federal Wiretap Act precludes damages against the United States and its agencies. 18 U.S.C. § 2520(a); *Richard Lawson Excavating, Inc. v. NLRB*, 333 F. Supp. 2d 358, 360 (W.D. Pa. 2004).

Count 9 fails to state a claim because Plaintiff failed to exhaust his administrative remedies for being placed on a watch list. The Second Amended Complaint clarifies that "[t]his count refers to placing [sic] on other classified watch lists . . . which do not provide administrative remedies due to their secretive nature." Notwithstanding, Plaintiff fails to state a claim because he has not sufficiently alleged that he suffered damages from being placed on the watch list. (Second Amended Complaint, Dkt. 17 at p. 3); *see also Iqbal v. DOJ*, Case No. 3:11-cv-369-J-37JBT, 2013 WL 5421952, at *5 (M.D. Fla. Sept. 26, 2013) (concluding that a Privacy Act claim should be dismissed where the plaintiff did not sufficiently allege that he suffered damages from being placed on a watch list).

As noted, Plaintiff's Second Amended Complaint abandoned Counts 5 and 13, (Second Amended Complaint, Dkt. 17 at p. 3) ("Plaintiff dismisses counts 5 and 13 . . . .").

[4] Plaintiff filed the Amended Complaint in response to the Magistrate Judge's Report and Recommendation recommending dismissal of the original complaint for failure to state a claim, but before the Court addressed the Report and Recommendation. (*See* Dkts. 13, 15). Plaintiff attempted to correct the deficiencies in the Amended Complaint noted by the Magistrate Judge. (Dkt. 15). An order was thereafter entered pointing out the deficiencies in the Amended Complaint and dismissing it. (*See* Order, Dkt. 16).

2

Plaintiff's claims against Defendants are largely unintelligible. They include allegations such as "psychological warfare on a subject unaware of such methods," being "chipped with a Trap & Trace electronic surveillance device in his body," and "being given food which influenced his mental state," as part of Defendants' "master plan" to "force Plaintiff into an ideological state of resentment towards the world so that he would join enemies of the state and become unknowingly a tool for spying on defendants' foreign enemies." (Amended Complaint, Dkt. 15 at ¶¶ 11, 18, 34, 42, 54-55).

Plaintiff was previously admonished that "[f]ailure to state a claim upon which relief can be granted in a Second Amended Complaint may result in dismissal of this action." (*See* Order, Dkt. 16 at p. 5); *see also Marantes v. Miami-Dade Cnty*, 649 F. App'x 665, 673 (11th Cir. 2016) (per curiam). ("[O]ur case law does not require a district court to give a *pro se* litigant multiple opportunities to amend."). Despite this admonishment, Plaintiff elected to simply restate the insufficient factual allegations of the Amended Complaint, and essentially use the Second Amended Complaint to assert why the original claims are sufficient. Nothing suggests that another opportunity to amend will yield cognizable claims against Defendants.

Accordingly, Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 55) is **GRANTED**. All counts of Plaintiff's Second Amended Complaint are **DISMISSED** *with prejudice*. All pending motions are **DENIED as moot**. The Clerk is directed to **CLOSE** the file.

**DONE AND ORDERED** this 2nd day of June, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record, Unrepresented parties